UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LONNIE J. KAHOE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4440** |
| **STEVE HAMPTON LEA, ET AL.** | **SECTION "E"(4)** |

## REPORT AND RECOMMENDATION

Plaintiff Lonnie J. Kahoe, Sr. ("Kahoe"), is a prisoner incarcerated in the Orleans Justice Center in New Orleans, Louisiana. ECF No. 4, §II, at 2. Kahoe filed this *pro se* 42 U.S.C. § 1983 complaint against defendants Steve Hampton Lea, Laura Beth Lott, Nurse Barbara Wilson, Dr. Jose Artecona, Nurse Mel, and Deputy Lt. Johnson, alleged employees at the East Louisiana Mental Health System, Forensic Facility ("ELMHS")in Jackson, Louisiana. *Id*., ¶III(B)-(F), at 4. Kahoe alleges that he received inadequate medical attention, and the defendants engaged in malpractice and insurance fraud, while undergoing forensic analysis at ELMHS in connection with his state criminal prosecution. *Id*., ¶IV, at 4-11. Kahoe seeks as his relief, an investigation into his medical care, revocation of defendants' permits and medical licensure, address of the abuse and misuse of the sanity commission by the state courts, and restitution for pain and suffering. *Id*., ¶V, at 5.

Kahoe also has applied to proceed *in forma pauperis* in this case.[1] However, because the Court recommends the transfer of the entire case, ruling on the pauper application is deferred to the receiving Court.

---

[1] ECF No. 5.

**I.     Venue Provisions**

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391.  *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973).  The general venue statute at § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The provisions of 28 U.S.C. § 1404 and § 1406 allow a court, under certain conditions, to transfer a case from a district in which venue is improper, to another district or division in which venue is proper, when transfer is in the interest of justice.  *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998).  Some of the interests of justice to be weighed by a transferring court include "the cost and ease of litigation," "the interest in having a case involving local disputes and local law resolved by a local court," and the facilitation of judicial economy and avoidance of duplicitous litigation.  *In re Rolls Royce Corp.*, 775 F.3d 671, 677-78 (5th Cir. 2014) (citing *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. W.D. Tex.*, 571 U.S. 49, 62 n.6 (2013)).  A court's transfer inquiry requires an "individualized, case-by-case consideration of convenience and fairness."  *Id*. at 678.

**II.    Discussion**

Kahoe sued defendants who are not present within this district and urges claims arising from events that did not occur within this district.  He also asserts that his "complaint has no relation with Orleans Parish Jail." ECF No. 4, ¶II(D), at 3.  Instead, he alleges the defendants and events giving rise to his lawsuit occurred in ELMHS in the City of Jackson in East Feliciana Parish, Louisiana.  East Feliciana Parish falls within the geographical boundaries of the United States

2

District Court for the Middle District of Louisiana.  28 U.S.C. § 98(b).  Kahoe's claims and the defendants he named have no connection to the Eastern District of Louisiana to provide a basis for venue here.  The interest of justice would be served by transfer of this *pro se* matter to the proper district.

### III.   Recommendation

It is **RECOMMENDED** that Lonnie J. Kahoe, Sr.'s civil action under 42 U.S.C. § 1983 be **TRANSFERRED** to the United States District Court for the Middle District of Louisiana, for further proceedings.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 28th day of November, 2022.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.